**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

| | | |
|---|---|---|
| WILD CARD, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:26-cv-01485-N |
| | § | |
| PANINI AMERICA, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT PANINI AMERICA, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Panini's Motion to Dismiss seeks dismissal of Wild Card's entire Complaint for failure to plead the facts necessary to establish any cause of action against Panini. This Court's decision on that motion may obviate the need for a substantial amount, and potentially all, of the discovery that Wild Card seeks. Further, Panini has recently filed a motion in the Ohio bankruptcy court presiding over AAA Sports's chapter 7 proceedings, which may also impact the course of this litigation and counsels in favor of a stay of discovery to minimize unnecessary costs for all parties.[1]

With trial in this matter more than 17.5 months away, Wild Card will not be prejudiced by a short stay of discovery while the Court resolves Panini's dispositive motion. *See* Dkt. 49 (Scheduling Order), at 1. In contrast, the parties and the Court will benefit from avoiding costly, unnecessary discovery that almost certainly will be accompanied by active motion practice. Panini

---

[1] Specifically, Panini asserts that Wild Card and certain members of the Atkins family have violated the protective bankruptcy stay by using, monetizing, and otherwise attempting to control certain intangible property that belongs to AAA, including its intellectual property and marketplace goodwill. Panini argues that its costs and fees incurred in this litigation are the result of those stay violations and entitle it to relief from the bankruptcy court as a matter of bankruptcy law. *See* Ex. A, Panini's 362(k) Motion filed in *In re AAA Sports*, No. 94-10684 (Bankr. S.D. Ohio).

respectfully submits that the Court should exercise its broad discretion to control its docket and grant a temporary stay of discovery.

## ARGUMENT

### A.    Wild Card Misconstrues the Applicable Legal Standard.

Both parties recite the correct applicable legal standard: In deciding a motion to stay discovery, courts generally consider "(1) the breadth of discovery sought; (2) the burden of responding to that discovery; and (3) the strength of the dispositive motion[.]" *Belmonte v. Medstar Mobile Healthcare*, No. 3:19-cv-1867-N, 2020 WL 6119907, at *1 (N.D. Tex. Apr. 3, 2020) (Godbey, J.) (internal quotations and citation omitted); Mot. at 2; Resp. Br. at 3. Wild Card, however, distorts that standard.

Wild Card asserts that a discovery stay is warranted "only when the motion to dismiss is 'so clearly meritorious as to warrant a stay'" and then seems to argue that this means the motion to dismiss must be so "clearly meritorious" that it is all but certain to be granted. *See* Resp. Br. at 3 (quoting *Health Choice Grp., LLC v. Bayer Corp.*, No. 5:17-cv-126-RWS-CMC, 2018 WL 5728515, at *3 (E.D. Tex. Apr. 25, 2018)).[2] Though Panini submits that its Motion to Dismiss satisfies that standard, it is simply not what is required. Rather, courts in this District grant stays where "the strength of the dispositive motion factor [was] met" because "[the defendant's] arguments *are not frivolous* and merit *serious consideration*." *Primesource Bldg. Prods., Inc. v. Lee Grp. Int'l, Inc.*, No. 3:19-cv-02878-X, 2020 WL 6140462, at *2 (N.D. Tex. Aug. 12, 2020)

---

[2] The *Health Choice* decision is distinguishable for two reasons. First, the basis for the motion to dismiss was plaintiffs' purported failure to satisfy the Rule 9(b) standard, 2018 WL 5728515, at *2, not a failure to make the basic allegations necessary to support any of its claims. Second, the burden factor was, at the time of the motion, "speculative . . . considering the parties have not exchanged discovery requests." *Id*. at *3. Here, Wild Card's sprawling discovery requests, which seek every document that was filed, received, or *collected or reviewed* by Panini, related to *any dispute* in which Panini was involved since 2021, are plainly burdensome and overly broad. *See* Dkt. 51, Ex. A, Wild Card's First Set of Discovery Requests at 7 (RFP No. 4).

(emphasis added). Moreover, courts in this District have found stays appropriate where "a cursory review of the motion [to dismiss] reveals that defendants have *substantial* arguments for dismissal[.]" *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-cv-0652-R, 2004 WL 1144142, at *2 (N.D. Tex. May 20, 2004) (emphasis added). Accordingly, Wild Card's artificially heightened "clearly meritorious" standard is inconsistent with the decisions of this Court and should be rejected.

### B.     All Three Factors Weigh in Favor of a Stay.

Panini's request for a stay satisfies each of the three factors above: (1) Panini's Motion to Dismiss identifies, for each claim, multiple pleading deficiencies that are likely to be case dispositive; (2) Wild Card seeks broad discovery untethered to the relevant time period or the allegations, claims, and defenses in this case (*see generally* Dkt. 51, Ex. A); and (3) Panini would face a substantial burden in responding to that discovery because it requires, among other things, extensive ESI collection and review. Mot. at 3–6. Wild Card's response brief fails to shift these factors in its favor or show that it would be prejudiced by a stay.

### 1.     *The Motion to Dismiss Raises Threshold Legal-Sufficiency Issues, Not Factual Disputes that Can Be Cured with Discovery.*

Wild Card's central contention is that Panini's Motion to Dismiss does not satisfy the third factor because Panini's motion "merely previews factual disputes the parties will litigate at summary judgment[.]" Resp. Br. at 4. But a motion to dismiss does not require discovery precisely because it *assumes* the well-pleaded allegations are true and asks whether they "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990) (affirming order staying discovery pending resolution of dispositive motion where "no discovery was needed" to resolve the motion). Panini's Motion to Dismiss does not preview

factual disputes. It argues that, accepting Wild Card's allegations as true, those allegations fail to state a claim as a matter of law. And Wild Card's attempt to avoid *Petrus* on the ground that it involved a "purely legal question" is unpersuasive. *See* Resp. Br. at 4. The sufficiency of a complaint, like "the scope of [a] statutory cause of action," *see id.* (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)), is a question of law. Thus, "[n]othing that [could be] learned through discovery could . . . affect[] the resolution of [Panini's Rule] 12(b)(6) motion." *See Petrus*, 833 F.2d at 583.

### 2.    *The Breadth and Burden of Wild Card's Discovery Requests Favor a Stay.*

Wild Card insists that its discovery requests are relevant and that Panini may resort to the standard practice of objections and motion practice to litigate the scope of its requests.[3] Resp. Br. at 4. But if the normal process for responses and objections were enough to render the first factor inert, there would never be any reason to consider it. The point is that costly motion practice, like that precipitated by overly broad requests for irrelevant information, can and should be avoided when a meritorious dispositive motion is pending.

Wild Card's assertion that the ESI Protocol (Dkt. 34) provides adequate "tools to manage proportionality" misses the point. *See* Resp. Br. at 2. The ESI Protocol addresses the mechanics of document production (i.e., search terms, hit counts, and formatting). It does not eliminate the significant expenses of time and resources associated with document production. Nor does it address whether that exercise should proceed while a dispositive motion that may moot all

---

[3] Panini sent its Responses and Objections to Wild Card on July 6, 2026, lodging its objections and offering to begin the meet-and-confer process on the scope of certain requests for production. The parties have exchanged proposed dates for scheduling a meet-and-confer call to discuss Panini's responses and objections. Accordingly, Wild Card's assertion that "Panini now seeks to avoid responding [to the discovery requests] altogether" has no merit. *See* Resp. Br. at 2.

discovery remains pending. Discovery-management tools cannot substitute for the threshold inquiry of whether discovery on particular issues is warranted in the first instance.

Wild Card also contends that Panini has not established an undue burden as required for the second factor because "Panini offers no declaration, cost estimate, or data-volume projection demonstrating undue burden." Resp. Br. at 5. Unlike with a motion for a protective order, which is the procedural posture of Wild Card's cited authorities,[4] the undue-burden factor for a motion to stay does not ask whether the discovery is so burdensome as to allow the discovery *at all*. It asks only whether the discovery is worth *pausing* because "the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *See Von Drake*, 2004 WL 1144142, at \*1 (quoting *Landry*, 901 F.3d at 436); *see also Primesource Building Prods.*, 2020 WL 6140462, at \*2. Factors one and two thus support granting a stay.[5]

### 3.    *A Temporary Stay Will Not Prejudice Wild Card.*

Most importantly, the requested stay will cause Wild Card *no prejudice*, while proceeding to discovery will be costly for both parties and burden the Court with discovery-related motion practice. In support, Wild Card merely asserts that it will be "delay[ed] access to information uniquely in Panini's possession" and that "compressing the case schedule . . . will ripple through" the entire case. *See* Resp. Br. at 2. But as Wild Card itself acknowledges, trial is scheduled for *January 2028*, which is 17.5 months away. *See* Dkt. 49 (Scheduling Order), at 1; *cf. Freedom Med. Inc. v. Premier Purchasing Partners, LP*, No. 5:09-cv-152, 2011 WL 13196168, at \*7 (E.D. Tex.

---

[4] *Freedom Med. Inc. v. Premier Purchasing Partners, LP*, No. 5:09-cv-152, 2011 WL 13196168 (E.D. Tex. Apr. 29, 2011); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306–07 (5th Cir. 1998).

[5] Rather than address the facts of this case, Wild Card points to Panini's antitrust litigation against Fanatics. *See* Resp. Br. at 2–3, 5–7. That litigation involves different facts, claims, and arguments, and is of no utility to this inquiry. The issue in *Fanatics* was whether discovery should be stayed while *a motion to transfer venue* was pending, not a dispositive motion. Discovery was necessary in either venue.

Apr. 29, 2011) (distinguishing case that lacked "fast approaching deadlines" and ordering discovery to proceed).

In short, a brief stay to allow the Court to decide Panini's dispositive motion will not prevent Wild Card from obtaining relevant discovery on any remaining claims, especially because the parties' preservation obligations remain fully in effect during a stay. By contrast, granting the motion to stay will protect both parties and the Court from the undue burden and expense of unnecessary discovery.

## CONCLUSION

For these reasons, Panini respectfully requests that this Court enter an order staying all discovery in this matter pending resolution of Panini's Motion to Dismiss.

Dated: July 22, 2026

Respectfully submitted,

By: */s/ Stuart H. Singer*
Stuart H. Singer (Admitted Pro Hac Vice)
Florida Bar No. 377325
ssinger@bsfllp.com
Sabria McElroy (Admitted Pro Hac Vice)
Florida Bar No. 95657
smcelroy@bsfllp.com
A. Carolina Varela (Admitted Pro Hac Vice)
Florida Bar No. 123069
avarela@bsfllp.com
**Boies Schiller Flexner LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022

Bradley C. Weber
Texas Bar No. 21042470
Brad.Weber@troutman.com
Charles E. Phipps
Texas Bar No. 00794457
Charles.Phipps@troutman.com
Seth M. Roberts
Texas Bar No. 24051255
Seth.Roberts@troutman.com

Tucker Davison
Texas Bar. No. 24120794
Tucker.Davison@troutman.com
**Troutman Pepper Locke LLP**
2200 Ross Avenue, Suite 280
Dallas, Texas 75201
Tel: (214) 740-8497
Fax: (214) 756-8497

***Attorneys for Defendant Panini America, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's e-file system on July 22, 2026.

*/s/ Bradley C. Weber*
Bradley C. Weber